## CONNERSVILLE NATURAL GAS COMPANY *v.* MOFFETT ET AL.

[No. 20,280.   Filed March 30, 1905.   Rehearing denied May 10, 1905.]

1. INJUNCTION.—*Abandonment of Pipe-lines.*—*Natural Gas.*—Where a gas company in consideration of permission to lay its pipe-lines over plaintiff's grantor's farm agreed to furnish plaintiff's grantor "gas for three stoves * * * as long as said pipe-lines are in operation," the plaintiff can not maintain injunction to compel such gas company

to continue to furnish gas when such company has abandoned the use of the pipe-lines laid upon such premises as a means of conveyance of gas, even though such company may not abandon the business of furnishing gas.   p. 588.

2.  INJUNCTION.—*Removing Pipe-lines.*—Where a gas company, in consideration of permission to lay its pipe-lines over a landowner's farm, agreed to furnish such landowner "gas for three stoves  *  *  *  as long as such pipe-lines are in operation," such landowner can not maintain injunction to prevent such company from removing such pipe-lines from the premises.   p. 589.   ·

From Fayette Circuit Court; *Ferdinand S. Swift,* Judge.

Action by Joseph E. Moffett and wife against the Connersville Natural Gas Company.   From a decree for plaintiffs, defendant appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*Reuben Conner,* for appellant.

*George C. Florea, L. L. Broaddus* and *Finley H. Gray,* for appellees.

HADLEY, C. J.—Appellees brought this suit to enjoin appellant from discontinuing to supply their dwelling with natural gas.   A supplemental complaint was filed, in which it is alleged that after the commencement of this suit appellant had disconnected and cut off plaintiffs' supply of gas, and refused to restore it, and praying mandatory relief.

The complaint is in one paragraph, to which a demurrer for want of facts was overruled.   An answer in two affirmative paragraphs was filed, to each of which a separate demurrer for insufficiency of facts was sustained.   Appellant refusing to plead further, a judgment and decree was rendered, commanding appellant not only to reconnect plaintiffs' pipes with its gas-main, but continue to supply their residence with gas "so long as said main is maintained and operated on said 165 acres of land pursuant to the right of way as averred in the complaint, or so long as the defendant can produce a supply of gas for its customers, and maintains said pipe-line on said premises."   The plaintiffs'

motion to modify the judgment so as further to enjoin appellant from ceasing to operate on, and from the removal of its pipe-line from, the premises, so long as it can furnish natural gas, was overruled.    Errors or cross-errors are assigned on all adverse rulings.

It is alleged in the complaint that in April, 1890, James I. Dehaven, his wife joining, conveyed to the appellant the right to lay and maintain a gas pipe-line on and across a certain described 165 acres of land, in consideration that the company furnish him gas for three stoves at his house on the premises "as long as said pipe-line is in operation," Dehaven to defray the expense of piping the gas from the main to his house; that at the time of the grant the tracks of the Cincinnati, Hamilton & Indianapolis Railroad Company ran through the land so as to leave sixty-five acres on the north, and 100 acres on the south, of the tracks, and the only house on the premises was on the part south of the railroad; that appellant is a corporation organized under the laws of the State "for the purpose of piping and supplying natural gas to the citizens of Connersville, and such other parties as may be deemed proper by said company;" that the company drilled producing wells in Rush county, and piped the same to Connersville, acquiring rights of way across many farms by contracts similar in tenor and effect to that made with Dehaven, and has since been engaged in the business of supplying gas to the citizens of Connersville, and along its pipe-line, in consideration of said rights of way, as a public corporation; that, pursuant to his contract, Dehaven, at great expense, laid a private line from his house to the company's main; that natural gas as a fuel is of special convenience and value to the plaintiffs, the grantees of said Dehaven, and the loss thereof will greatly damage and diminish the value and rental value of their land, and the convenience of their dwelling as a place of residence; that said lands are barren of timber for fuel, and the loss of the gas at their residence will make

necessary a change of heating apparatus—all to the great inconvenience and irreparable damage of the plaintiffs; that the defendant does not intend to abandon its gas business, but is threatening, and will, if not enjoined, take up its pipe-line and remove it from said lands.

1. The complaint is for injunction, and, to be sufficient, must exhibit such facts as clearly show that the plaintiffs are entitled to this extraordinary remedy. The contract for the right of way across the lands described in the complaint, under which the plaintiffs claim and which is made the foundation of their suit, grants "to the Connersville Natural Gas Company, for the purpose of constructing, operating and maintaining a natural gas pipe-line, the right of way over, upon and across the following described real estate   *   *   *   with the right of ingress and egress for the purpose of constructing, operating and maintaining said pipe-line, to have and to hold said right of way and privileges for the uses and purposes above mentioned to the said company, their successors and assigns forever, for and in consideration of all of which the Connersville Natural Gas Company agrees to furnish gas for three stoves from said pipe-line to said grantor to heat his house with fires as long as said pipe-line is in operation." In brief, the company was to furnish appellees gas from said pipe-line for three stoves as long as said pipe-line was in operation. There was no covenant on the part of the company to furnish gas to appellees as long as a supply of gas could be obtained, or as long as it continued to furnish gas to the inhabitants of Connersville, but only so long as the pipe-line it proposed to locate on the premises of appellees' grantor, concerning which they were contracting, was in operation. In other words, whenever the company, for any reason, abandoned the pipe-line laid upon the premises as a means for the conveyance of gas to Connersville, and gas was no longer available in the pipe-line for supplying the landowner, its obligation to furnish it should cease.

Board, etc., v. Garrigus.

This seems to be the reasonable and true interpretation of the contract.

2. The only ground for injunction is alleged to be "that said defendant is threatening to take up and abandon its pipe-line as now laid and located on said lands, and locate the same so that said pipe-line will not occupy any part of said lands." Under the contract we think appellees are not entitled to stop the removal of the pipe-line from the premises, by the interposition of injunction. It follows that the demurrer to the complaint should have been sustained.

The conclusion arrived at makes it unnecessary to consider the other questions presented by the principal and cross-assignments. *State, ex rel.,* v. *Trustees, etc.* (1888), 114 Ind. 389, 397.

Judgment reversed, and cause remanded, with instructions to sustain the demurrer to the complaint and supplemental complaint.